Davis, Byruthy, et al., and Mr. Billingham, whenever you're ready. It happens that next on March 1st, I am helping to judge a law school moot court on appellate advocacy. And I've not actually had an oral appellate argument in probably 15 years. And so now I'm glad that I can say last week when I was in front of the Second Circuit. I don't usually ask for oral argument unless I want to emphasize some particular facts. And in this case, there are no facts other than those that I pleaded in Michael Grecco's complaint. And so as legal arguments generally aren't improved by repetition, I was wondering how to handle this. And the solution came in the form of two recent slip opinions that have addressed the case underneath the Grecco v. RADesign case and the line of Minden v. Buzzfeed cases that it's part of. One was an opinion by Judge Ho last Thursday in the case McGlynn v. Cinovision, which was 2024 Westlaw 643021. And the other was an opinion by Magistrate Judge Virmat in prepared food photos versus Lakes Supermarket, Inc., which was 2023 Westlaw 9375379, which was issued in December 15, 2023, and adopted on January 23, 24. And both of those cases are interesting because they go beyond the usual pattern. I mean, generally, this line of cases has not been followed. I don't think it's been followed in any case outside of the Southern District of New York. And many Southern District of New York cases have not followed it, as Judge Abrams acknowledged in her opinion. These two opinions go beyond polite. In the Minden line, are they principally Judge Abrams's decisions? Are there other judges that come out the same way? There are other judges who have followed the Minden case. Yes, that's true. And some haven't. Excuse me? And some haven't. Some have and some haven't. Some have and some haven't. Yeah. And these two recent cases go beyond, you know, politely distinguishing their case from those in the Minden line to actually saying why they think the Minden line of cases, and specifically the Greco versus Rad Design case, were wrongly decided. And in McGlynn, the issue he says is whether, you know, whether on the face of the complaint, it's clear that McGlynn should have known of the infringement three years before he says he did. And the argument— Well, so in the complaint, he alleges and touts, I think, that he spends time and money actively searching for hard-to-detect infringement. And I don't think it's in the complaint, but it could probably be judicially noticed that he's filed like 130 lawsuits or something like that. So why isn't that on the face of the complaint enough to show that he should have discovered this? It's not enough because there is no specific—the court notes no specific fact admitted in the complaint that establishes that this particular infringement occurred and put him on notice of this particular infringement. And that's the standard that this court set up in the—well, in several cases, but most recently in the Soam versus Scholastic Publishers case, where it basically said that the fact that somebody indisputably could have found out that there was an infringement doesn't establish that there is—that the statute of limitations started, you know, constructively started to run. So you agree that he could have found it out here? No, no, absolutely I do not. You do not agree? No, no. I mean, he—I mean, we're going now into facts which are not into the complaint, but he vigorously tries to determine when to detect infringements, and he acts on them very quickly, as he did in this case. He absolutely did not discover this infringement. I understand that he did not. My question is, could he have? And I don't know—if the answer is yes, I don't know what difference it makes, but I'm just trying to get an answer to the first question. Is it possible that he could have found it using whatever tools are out there? I think the answer is no. That's the subject of the brief by the amicus, but it would be a question of expertise. I mean, it's a complicated issue, and, you know, I can stand here as an expert and say the answer is no, but what good is that? I'm not an expert in this area of, you know, technical technology. I think the answer is no because I think Michael Greco would have found it if it was possible, but I do not know. Well, it's not—but it wouldn't seem to be Greco's responsibility to, on his complaint, to allege that it was possible for him to find it when he did find it or that it wasn't possible for him to find it before he did. His complaint says that there's a publication on August of 2017, right? That's right. That's before he registers the mark.  Then he registers the mark. So his complaint contains an assertion of a use of the photograph on 2017, but it's pre-mark. Then he alleges registration, and then the next allegation is the use of the mark or his becoming aware of the use of the mark in 2018, correct? The use of the mark— That he uses for calculations of the timeliness of his client. Well— When does the complaint say that he discovered the use of the mark in violation of the contract? In 2021. All right, fair enough. And there's no allegation of his—he does not allege that he was aware of use of the mark in between August of 2017 and the 2021 date that he uses. He does not allege that, and he was not aware of it. And yet, the district court seemed to imply that, for some reason, that wasn't possible because he was able, notwithstanding the fact that there was no assertion. I mean, I've looked at the affidavit of the defendant. The defendant doesn't say how it was discoverable or easily discoverable. It just says that he should have known. That's right. I take it your point is that the fact that he might be able doesn't guarantee that somehow he should have known. Yes. Even if he could have known, it would not support a summary judgment at the pleading stage. This isn't a summary judgment. This is pleading. I meant the motion to dismiss, yes. This is a dismissal on a statute of limitations, which is an affirmative defense before the statute of limitations has been applied, absent just a motion to dismiss, correct? That's right. So there's no answer. There's no answer. Right. And from my review of the papers that were submitted to the court, I didn't see anything that asserted in the fairly short submission to the district court an assertion that there was, that he should have known because of X, Y, or Z. There is nothing. The conclusion is that he should have known because he is a sophisticated litigant who has had other cases. Some fact about, I mean, these photos were archived supposedly on a website. That's his assertion in the complaint. But there's no kind of analysis of why he should have known it other than his reputation. No, there is absolutely not a single fact in the district court's opinion that supports why he should have known that this infringement occurred. The argument is simply that he should have generally known every infringement in the universe because he is a sophisticated litigant. Okay. Thank you. And, well, if you will indulge me, I'd like to read two sentences from Judge Ho's opinion from last Thursday, because I think it really is applicable to our case. He says, here defendant offers no specific facts, circumstances, or warning signs that would have prompted a reasonable copyright holder in plaintiff's position to initiate an inquiry that would have led him to discover the alleged infringement of the photograph at issue at some point before he actually discovered it. Instead, defendant points to plaintiff and his counsel's other litigation, arguing that plaintiff is the type of sophisticated actor who ought to have discovered the alleged infringement much earlier. And that is exactly our case. I mean, that is precisely what Judge Abrams decided, and that is exactly what Judge Ho said, could not survive unless this panel reverses the earlier Second Circuit opinion in Soam versus Scholastic. And so basically he says, unless this panel changes Soam, you know, these kinds of opinions, including Greco versus Raddesign, have to fail. He does not say that the defense is lost. I mean, in fact, he goes on at some length to say the various ways in which CINOVISION could show that McGlynn did in fact have constructive knowledge, and so that the statute of limitations would apply. But he says it's a question of fact. They would have to show that either he did actually have knowledge, discovery could show that, or an expert could testify that, you know, given the methods he was using, he would necessarily have had it even if he didn't recognize it. There's many ways a defendant could, you know, could prevail on a constructive notice argument, but not at the pleading stage unless the complaint admits some sort of fact that specifically relates to his knowledge of this infringement. All right. Mr. Bloomham, you've got some rebuttal time? Yes. Okay. Thank you. Thank you. And Ms. Kirsch? Yes. Good morning. So the district court, I think, in fact, got it right on this one. That doesn't surprise me that you think that. That's true. That's my opener. That's okay. I think a couple points that I'd like to make sort of out of order just to address the previous presentation. Number one is the question of inquiry notice, which I think is really important here. There's no question that the statute of limitations, using the discovery rule of the Second Circuit, suggests that once you're on inquiry notice, you've got three years and that's it. So in an inquiry notice situation, there's some fact, something triggers a duty to inquire. Correct. Your argument here isn't that there was something to trigger that duty. Your argument here is that because he was sophisticated, he should have gone ahead and looked? No. Not exactly, Your Honor. Okay. My argument is that on the facts alleged in this complaint, this plaintiff has said that he's an expert, that he has the apparatus, that he is, in fact, searching actively, spending money, time, and resources for all of his copyrights. Is there a fact that triggered a duty on his part to look for this infringement? All of the law about whether a duty has been triggered or not is relevant when there isn't. Is there such a fact? Is there a fact that gave him notice, hey, you ought to go check out this possible infringement? There is no allegation of that. However, if I may, he was looking. Whether the ‑‑ if you've already got your Doppler radar and you're looking for storms, you're looking for your storm warning. Does that mean, though, that he would never be able to ‑‑ that in every case, essentially, he wouldn't get the benefit of the discovery rule ever. He would never be able to allege this is when I found it because if he's a sophisticated copyright holder, I don't ‑‑ going to what Judge Chin was saying, what is there specific to this case? And if there's nothing specific beyond just him saying I'm sophisticated and I do this, it seems like he will never get the benefit of it. But he didn't just say I'm sophisticated and I do this. He said more than that, including incorporating by reference the article in which he describes precisely how he does it. Go ahead and finish your answer. I'm sorry. He has alleged that he has a system whereby all of his copyrights go through a workflow and a system and he's looking for all of them. The inquiry has begun. Whether or not something triggered an inquiry is irrelevant. That step was in the past. The inquiry has begun. You flipped the pleading standard, though, because of the abilities of the plaintiff. In a normal discovery case, plaintiff says I was injured by X and I became aware of X on such and such a date. The defendant then answers and says, well, actually, if you had looked at A, B, C, and D, you would have known that the injury occurred four years beforehand and you just weren't aware of it or you should have been aware of it and, therefore, your claim is untimely. What this case does is says, well, because I am pretty good at finding these things, I have to, in my complaint, plead why I didn't find it. In advance, you could have waived the timeliness if you hadn't raised the statute of limitations. You did raise it, but had you answered without a statute of limitations defense, it's waived, is it not? If you had answered without- If you had answered and not brought up the timeliness of the claim, you would waive a defense that you had available to you. Yes, Your Honor. And yet, what you've done is required him to anticipate an affirmative defense that you have not yet pled. I- Yes, is the answer. No, I respectfully disagree with that, because on this complaint- What is it? What, then, is it his abilities or is it a fact that he's pled? The fact- Let me ask you about the August 2017 publication of the picture. Does that then trigger his duty to inquire from that point on? No, Your Honor, it does not. Okay. I thought you'd say it did, because it can't be a basis for a claim. He hadn't registered his mark yet, right? Well, that's not entirely correct, because one can still bring a claim for an injunction. Okay. All right. So, but you say that doesn't indicate that he was on notice. And so he files his mark, and then there are other publications or use of the photograph in an archive that fall within the statute in February of 2021. That's his claim, that that's when he was injured, correct? I believe his claim is that he discovered that these photographs, the alleged infringements- The discovery rule is a definition of the time of injury, not a tolling of the statute of limitations. The discovery rule is- Is a time of injury, not a tolling of the statute of limitations. The discovery rule is when a claim accrues. That's correct. And accrual means injury. That's when the clock starts going and the dollars start flowing. I'm not sure about that, but the claim certainly accrues- Well, you can't sue for something before the claim accrues, correct? Correct. All right. So the question is, did his claim accrue earlier? Who has the obligation to put that in front of the court? There are some pleading requirements to plead the specifics of the infringement about which the plaintiff is suing. And the accrual date is something that becomes relevant for timeliness. Cases, it is well-settled law that a claim can be dismissed on the pleadings on a 12b6 if it is clear from the face of the complaint that the claim is on time. I don't disagree with you a bit. But on the face of this complaint, he says my injury occurs in February of 2021. Let me finish, and then his claim is asserted within ten months thereafter, is it not? Is not his claim timely on the face of his complaint? No, Your Honor, I don't believe that it is. Why? Because he should have known sooner. He only pled half of the discovery rule. Is it to say to the court that he should have? His or yours? I would suggest to you that it's yours. Because you have to put into play whether it is or is not timely. Judge Abrams seemed to think that it wasn't plausible because he was a knowledgeable protector of his copyright. There's more than just an assumption flowing from the fact that he is a sophisticated plaintiff. There is no question that is one of the relevant factors. But he has also pled... Should it be a relevant factor? I mean, this is an objective test, isn't it? Right. There are many cases in this district that have specifically held that the relative sophistication of the parties is a factor to look at. It doesn't matter if there are many cases that have done it, because if they're wrongly decided, they're wrongly decided. What I'm asking you is, is this an objective inquiry? Whether something should have been discovered. I believe it is an objective inquiry, but I do think... And if it is an objective inquiry, why do we look at the specific sophistication of the individual plaintiff? Doesn't that change it from an objective inquiry into a subjective inquiry? I think that in making an objective inquiry, one imposes a reasonable person in the circumstances alleged standard. And I think a reasonable person who has the knowledge and sophistication is held to a slightly different standard than somebody who does not know what the copyright law is. Within reason for sure. And the authority for that is the Minton line of cases? The authority for that is the Minton line of cases, but I think it is also, and I hope I don't miscite the wrong one, I believe it is PK Music also that acknowledges that the relative sophistication of the parties is something to be considered. And PK goes the other way. The other issue, as Judge Wesley was suggesting, is that this is on a 12B6 motion. It's not even summary judgment. And is it plausible that he shouldn't have discovered it earlier? We're supposed to draw the inferences in his favor? What I think is important to stress. Is it plausible? I do not think it is plausible. You immediately do not answer my questions. I do not believe it is plausible. Okay. See, the problem with this is it brings in a whole slew of facts that seem more like subjects of discovery in a summary judgment motion. For example, what kind of processes did he regularly use? What databases did he search? What were the processes by which he acquired this reputation? And how good were the filters? Juxtaposed to an expert affidavit that said, you know, using the process that he used would have put him on notice. It would have triggered that he would have found the use of this photograph easily. And all of a sudden now it's all fleshed out. But the problem here is Judge Abrams found this was not a plausible allegation because he was well known for being good at finding these things. How do you take what facts are there in that? There's no facts in that. Respectfully, Your Honor, there are a lot of facts in that. Every time someone tells me respectfully I hear something else. But I appreciate your respect. I did not intend any disrespect for sure. You're doing a good job and I'm giving you a hard time. And I respect that because these are difficult questions. However, what I think is really important to stress and what I'd like to, if nothing else, leave the panel with this, there's no assumptions flowing simply from the fact that this is a sophisticated plaintiff. There seems to be a feeling that that's an assumption that creates a whole bunch of subsequent assumptions. That is not what's happening here. There is a fleshed out complaint with documents incorporated by reference that answer many of those factual questions. We have a sophisticated expert who is a leading industry expert, who mentors others, who runs workshops, who has state of the art technology, who has alleged in his complaint that he actively spends money and resources searching for the copyrights in order to vigorously enforce them. So the inquiry has begun and under the statute of- What if the answer is none of those things would have found this? I'm sorry? What if the answer is none of those things would have found this infringement? I don't think there's anything in this complaint to support that inference. You would have him plead all the specifics of all the things that he does that produces successfully. No. He's catching what it seems to me you do because you said that the complaint is not plausible in light of his standing in the industry and his success previously. But that doesn't address the specific facts here. Where was the picture stored? How was it published? Who had access to it? How could someone discover whether someone was using their picture? We don't know any of that. It seems to me more straightforward than that. The statute of limitations says in our jurisprudence under the statute of limitations, under the discovery rule, if you are prompted to begin an inquiry, then your inquiry, you get three years. He was inquiring. He's pled that he was inquiring. The three years goes. He's pled himself. It's not that he has to plead around an affirmative defense. He pled himself into the affirmative defense. All right. All right. Thank you. I'm curious. Why did you plead that he spends time and money actively searching for hard to detect infringements? Because I think that's... It's not particularly relevant and it just opened up this can of worms. Well, I suppose it did. But I pled it because it shows that he is not sort of just come up with something out of nowhere, that he really works on this, that this is something that costs him time and money because of the pervasive infringement of his work. So that's the reason. The idea that he has admitted something about detections or detection expertise in these articles is a misunderstanding. The articles that he's written are about copyright registration. I mean, it's a bizarre thing that this work was not registered before the infringement. That was just an office mishap. His articles and his seminars are about how to make sure that you get your registrations in right away with the copyright office through essentially a mechanical system. No photographer does their own detection. That's way beyond their ability to search the Internet for every possible infringement. I mean, Michael Greco... But he did allege the August 17th infringement. August 2017 infringement. Oh, yes. But that was discovered in 2021 because of the... Through the detection... It does seem odd that he kind of boasts... I mean, his complaint seems boastful in the sense of, well, I do this, I do that. I mean, what good does that do? It sets the bar higher for him. Does he allege in his complaint... I haven't looked at it this morning. I have a few other things. Does he allege that, notwithstanding all of his techniques, that somehow this eluded him? Well, he doesn't allege that because he didn't have to. He alleges that he... Yes, he does, because he alleges that he found it on January whatever 2021. So, ergo, it eluded him before then. Okay. And the other thing I want to clarify is that, well, one is that there are cases which emphasize sophisticated parties, but those are cases which really relate to damages, that a sophisticated person can be more liable to willful infringement and an unsophisticated person can be more, you know, is more able to establish innocent infringement. Or there are cases which say, you know, very rare cases which say, you say that somebody infringed your work on Star Wars, but you also say you didn't realize that Star Wars came out four years ago when you're a script writer, and that's just not plausible. This is not the same kind of situation. This is a situation where the judge is simply saying, you're a kind of person who is sophisticated, who's filed other lawsuits, and so I'm going to make an assumption that you knew or should have known, and you knew or should have known at the date of the original infringement, which is not the discovery rule. That's the injury rule, and that's a point that is made in that second case that I cited, where the judge says that Judge Abrams actually applied the injury. She says she's applying the discovery rule, but she's actually applying the injury rule because she didn't look at the right question. She didn't look at the question of whether he discovered the work less than three years, you know, after he actually filed the suit. She's saying whether he should have found it within three years of the infringement, and that is tacitly applying the discovery rule. Now, excuse me. I got it right. That's tacitly implying the injury rule, not the discovery rule. If there's no other questions, I'm finished. Yes. Thank you. Thank you both. We'll take the case under discussion. Nicely argued, counsel. Thank you.